# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-08154 MMM (RCx) | Date | January 6, 2009 |
|---|---|---|---|

| Title | *Humphreys v. Ocwen Loan Servicing, LLC, et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Concerning Notice of Procedural Defect**.

On October 8, 2008, plaintiff filed a complaint against defendant Ocwen Loan Servicing, LLC ("Ocwen") in Los Angeles County Superior Court. Plaintiff's complaint alleges violations of, inter alia, the Federal Truth in Lending Act, 15 USC §1601. Defendant Ocwen was served with a copy of the complaint on October 8, 2008. Plaintiff subsequently amended its complaint to state the real name of a Doe defendant on November 7, 2008. However, plaintiff did not serve the newly identified defendant, Deutsche Bank National Trust Company, As Trustee for the registered holders of Bravo Mortgage Asset Trust 2006-1, Bravo Mortgage Asset Backed Pass-Through Certificates, Series 2006-1[1] ("Deutsche Bank") until November 10, 2008. Defendants filed a notice of removal on December 10, 2008 and claim removal is proper because it was within thirty days of service of the last-served defendant.

## I. Notice of Possible Procedural Defect in Removal

### A. Standard for Removal

A defendant must remove an action within thirty days after the receipt of the first pleading in a state action that sets forth a removable claim. See 28 U.S.C. § 1446(b). The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992); *Dunn v. Gaiam, Inc.* 166 F.Supp.2d. 1273, 1278 (C.D. Cal. 2001). Removability is determined from the face of the pleading. See, e.g., *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)

---

[1]Erroneously named in plaintiff's complaint as Deutche Bank National Trust Co.

(noting that facts supporting removal must be evident on the face of the complaint).  Here, plaintiff's original complaint, filed in October, alleges a violation of the Federal Truth in Lending Act, 15 USC §1601.  The federal cause of action is clearly listed in the original complaint.  Accordingly, removability could be determined on October 8, 2008.

### B. Thirty Day Deadline

§ 1446(b) does not address when the thirty day deadline begins when there are multiple defendants.  See 28 U.S.C. § 1446(b).  The Ninth Circuit has not squarely resolved this issue. See *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763, n. 4 (9th Cir. 2002) ("There is currently a split of authority on the construction of § 1446(b) when applied to multiple defendants. . . . Because proper resolution of this issue requires that all defendants be properly joined, we express no opinion today on the propriety of either rule"); see also *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1226 (C.D. Cal. 2000) ("Courts are split on applying the thirty-day rule to cases with multi-defendants.  The Ninth Circuit has not yet addressed the issue.")

The majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint and district courts in the circuit routinely apply the majority rule. See, e.g., *Gennock v. Warner-Lambert Co.*, 208 F.Supp.2d 1156, 1159 (D. Nev. 2002) ("In this case, the first defendant served was Sav-on and they were served on February 21, 2002.  Therefore, this meant that all Defendants had 30 days to join in a notice of removal"); *McAnally Enterprises*, 107 F.Supp.2d at 1230 ("[T]he Court applies the first-served rule and concludes that Defendant's removal was untimely"); *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1045 (D. Nev. 2000) ("All served defendants must join in the removal and since the notice of removal must be filed within thirty days of service on the first defendant, all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served"); *Teitelbaum v. Soloski*, 843 F.Supp. 614, 615 (C.D. Cal. 1994) ("Because all defendants must join, the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint").  This court has previously adopted the first-served rule in an order granting a plaintiff's motion to remand.[2]

In this case, the original complaint was clearly removable because it listed a federal cause of action.  The original complaint was filed and properly served on Ocwen on October 8, 2008.  The notice of removal was filed on December 10, 2008.  Even though an additional defendant was served after October 8, the first-served rule requires a notice of removal thirty days from the date the first defendant was served.  Applying the first-served rule, the notice of removal was tardy by more than a month.

However, this court cannot *sua sponte* remand a case for a procedural defect in removal.  A failure to comply with the thirty day period set forth in § 1446(b) is such a defect. See *Kelton Arms v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting that parties can waive procedural defects).  Accordingly, if plaintiff does not file a motion for remand by **January 9, 2009**, the court will assume that it waives any procedural objections it would otherwise be entitled to assert to defendant's

---

[2] In a previous unpublished order, this court rejected the last-served rule for several reasons: (1) Congressional silence does not show that Congress favored the last-served rule; (2) defendants should not be able to, in fairness, be permitted to change its position and consent to a later-served defendant's decision to remove the case after electing not to remove within the thirty day time period; and (3) the first-served rule is not overly prejudicial to the first-served defendants because there are fewer consents to obtain in order to remove.

notice of removal.

**CIVIL MINUTES - GENERAL**         Initials of Deputy Clerk AH