UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-8154 CAS (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | AMORETTE HUMPHREYS v. OCWEN LOAN SERVICING, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul D. Pierson | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

   Not Present                                    Not Present

**Proceedings:**     **(In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND REMANDING TO LOS ANGELES SUPERIOR COURT**

On November 19, 2009, because plaintiff waived her sole federal claim under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, this Court ordered defendants to show cause why this case should not be remanded to the Los Angeles Superior Court. On December 1, 2009, defendants filed a response to the Court's order.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-8154 CAS (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | AMORETTE HUMPHREYS v. OCWEN LOAN SERVICING, LLC; ET AL. | | |

1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

In their response to the Court's order, defendants argue that plaintiff alleges in paragraph 32 of the FAC that defendants violated other federal laws including the Home Owners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, within her state law claim "to set aside foreclosure sale." Opp'n at 2. Defendants argue that while there are insufficient factual allegations to support these claims, they "have not been tactically waived by the plaintiff." Id. Defendants further argue that so long as a claim arising under federal law existed at the time of removal, the Court may retain jurisdiction and has the discretion to adjudicate supplemental claims despite the fact that a plaintiff later drops the federal claim serving as the basis for original jurisdiction. Id. at 3 (citing Albignia Versicherungs A.G. v. Schenker Intern. Inc., 344 F.3d 931, 938 (9th Cir. 2003)). Defendants contend that plaintiff's waiver of the TILA claim is simply a ploy designed to delay dismissal of her complaint, and that remand would be unfair because defendants have already engaged in costly discovery. Id. at 4.

The Court finds that the factually unsupported allegation in paragraph 32 of the FAC that defendants violated HOEPA and RESPA within plaintiff's state law claim to set aside foreclosure sale is not a sufficient basis to retain jurisdiction after plaintiff waived her TILA claims. Indeed, HOEPA is actually an amendment to TILA, and is therefore also waived. Furthermore, plaintiff does not allege any facts that give rise to a claim under RESPA, and instead her claim to set aside foreclosure sale rests on Cal. Civil Code 2924 et. seq. Thus, it does not appear that plaintiff's state law claim necessarily depends on federal law.[1] Without a showing that plaintiffs invoked a federal claim or that

---

[1] "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law question is essential to each of those theories." T & E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F.Supp.2d 1240, 1248 (S.D. Cal.2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996)); see also Mangini v. R.J. Reynold Tobacco Co., 793 F.Supp. 925, 927-28 (N.D.Cal.1992) (noting that UCL allegations predicated in part on Federal Cigarette Labeling and Advertising Act did not confer jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 08-8154 CAS (AGRx) | Date | December 21, 2009 |
| Title | AMORETTE HUMPHREYS v. OCWEN LOAN SERVICING, LLC; ET AL. | | |

plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Accordingly, the Court DISCHARGES its November 19, 2009 order to show cause, and REMANDS the instant action to the Los Angeles County Superior Court.  The Court hereby vacates the pretrial conference set for January 4, 2010 and the jury trial set for February 2, 2010.

    IT IS SO ORDERED.

|  | : | n/a |
|---|---|---|
|  | Initials of Preparer | PDP |